IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MEEGHAN CARTER, individually and as )
Administratrix of the Estate Estate of )
MARGARET RACKERBY FLINT, )
Decedent, )
            )
            )
   Plaintiffs, )
            )
   v. )       C.A. No. N17C-05-353 MMJ
            )
MICHAEL PRINCIPE, D.O., DELAWARE )
ORTHOPAEDIC SPECIALISTS, P.A., )
ERIC JOHNSON, M.D. FIRST STATE )
ORTHOPAEDICS, P.A. and CHRISTIANA )
CARE HEALTH SERVICES, INC., )
            )
   Defendants. )

Submitted: February 2, 2019
Decided: February 11, 2019

## ORDER GRANTING LEAVE TO APPEAL
## FROM INTERLOCUTORY ORDER

Leroy A. Tice, Esq., Leroy A. Tice P.A., Attorney for Plaintiff

Joshua H. Meyeroff, Esq., Richard Galperin, Esq., Morris James LLP, Attorneys for Defendant Christiana Care Health Services, Inc.

**Johnston, J.**

(1)     Defendant Christiana Care Health Services, Inc. ("CCHS") has moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b).[1] An interlocutory appeal will not be certified unless the Court finds that its decision: (1) determines a substantial issue; (2) establishes a legal right; and (3) satisfies one of the five criteria set forth in Rule 42(b)(i)-(v). Under Rule 42(b)(i), the Court may look to the criteria established by Rule 41.

(2)     By Opinion dated January 15, 2019, this Court held:

> The Court finds that CCHS is a joint tortfeasor and the Joint Tortfeasor Release does not discharge CCHS from the possibility of vicarious liability.

> **THEREFORE**, Defendant Christiana Care Health Services, Inc.'s Motion for Partial Summary Judgment is hereby **DENIED**.

(3)     CCHS argues that interlocutory appeal pursuant to Supreme Court Rule 42(b)(v) is justified because: the decision decides a substantial issue of material importance; the decision involves an issue of first impression in Delaware; trial court decisions are conflicting; the question of law should be settled in advance of an

---

[1] *See, e.g., Tortuga Cas. Co. v. Nat'l Fire Ins. Co. of Pittsburgh*, 1991 WL 247813, at *2 (Del.); *State v. Superior Court*, 141 A.2d 468, 471 (Del. 1968).

appeal from a final order; review may terminate the litigation; and review may serve considerations of justice.

(4)     Plaintiffs oppose certification of the interlocutory appeal.

(5)     In the course of mediation in this medical negligence action, Plaintiffs settled claims against one physician and that physician's practice. The claims against CCHS are not direct, but based on a theory of vicarious liability. CCHS was not a party to the Tortfeasor Release. At this point in the proceedings, the only defendant remaining in the case is CCHS. All other defendants have been dismissed.

(6)     CCHS argued in its Motion for Partial Summary Judgment that by settling claims against the physician and practice, Plaintiffs are barred from pursuing claims against CCHS solely on a theory of vicarious liability. The Court interpreted the Uniform Contribution Among Tortfeasors Act ("UCATA"). The Court found that CCHS is a joint tortfeasor as defined under the UCATA.[2] As a joint tortfeasor, CCHS is not discharged from liability, based on vicarious liability, by release of another joint tortfeasor. CCHS was neither a party nor explicitly listed in the Tortfeasor Release.[3]

---

[2]11 *Del. C.* §6301.

[3]*Carter v. Principe*, Del. Super., C.A. No. 17C-05-353, Johnston, J. (Jan. 15, 2019) (Mem. Op.).

(7)    The Court finds that the January 15, 2019 Opinion decides a question of law of first instance in Delaware;[4] involves the application of a Delaware statute which has not been, but should be, settled;[5] and determines substantial issues and establishes legal rights.[6]    Further, interlocutory review in this case may terminate the litigation and otherwise serve considerations of justice.[7]

**THEREFORE, IT IS ORDERED** that the Court's Opinion of January 15, 2019, is hereby certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

_____
The Honorable Mary M. Johnston

---

[4]Supr. Ct. R. 41(b)(i).

[5]Supr. Ct. R. 41(b)(iii).

[6]Supr. Ct. R. 42(b).

[7]*See* Supr. Ct. R. 42(b)(iii).